### EDWARD HANSON and Another v. ASLE SWENSON.

November 13, 1899.

Nos. 11,740—(62).

#### Administrator's Account—Admission of Evidence.

> In an appeal by the heirs of a decedent from an order of the probate court approving and allowing the account of the administrator of the estate of the deceased, in which the only issue was as to the correctness of certain disbursements with which the administrator had credited himself in his account as filed, *held*, that the court erred in admitting in evidence an unsworn statement of the widow of the deceased; also, in admitting evidence for the administrator impeaching his own account, and tending to show that he had never in fact received all the money with which he had charged himself in his account.

From an order of the probate court for Houston county in the matter of the estate of Peter Hanson, deceased, allowing the final account of Asle Swenson, administrator, Edward Hanson and Mary Carr appealed to the district court for said county. In the district court the case was tried before Kingsley, J., who found in favor of the administrator; and from an order denying a motion for a new trial appellants appealed. Reversed.

*Duxbury & Duxbury*, for appellants.
*James O'Brien*, for respondent.

MITCHELL, J.

In its history this case is nearly allied to the one between the same parties reported in 77 Minn. 70, to which reference is made for the facts so far as they are common to both cases. In January, 1871, a few months before the respondent was appointed guardian of the appellants, he was also appointed administrator de bonis non of the estate of their deceased father, Peter Hanson. The former case was an appeal from the allowance of respondent's account as guardian, while this is an appeal from an allowance of his account as administrator.

In June, 1898, the probate court, upon the petition of the appellants, issued to respondent an order to show cause why he should

not render and settle his account as administrator. In response to this citation, he filed an answer, alleging, among other things,

"That the cause of action out of which, or under color of which, the right to this citation, or the remedies * * * sought to be obtained, did not accrue within 25 years * * * and that the same is stale, and * * * barred by the statute of limitations, as well as by the established rules of equity."

The probate court made no ruling upon this except to require the respondent to file his account, stating that, when that was done, he would pass upon the whole matter. Thereupon the respondent filed his account, purporting to state in detail all his receipts and disbursements as administrator during the continuance of his trust. Upon a hearing as to the allowance of this account the appellants objected to three items of alleged disbursements with which the respondent had credited himself. These were the only objections interposed. The probate court overruled these objections, and approved and allowed the account as filed. From this order the appellants here appealed to the district court.

When the appeal came on for hearing in the district court, it was expressly stated and agreed that there was no dispute as to the amounts or items of property or money which had come into the hands of the administrator; that all of them, including the item of $1,200 received from the sale of real estate, were correctly stated in the account filed; that there was no dispute as to the items of disbursements with which the administrator had credited himself in the account except the three to which objections had been interposed in the probate court. The court then announced that the only issues in the case were as to these three items, and with this understanding the parties proceeded to introduce their evidence. The subsequent trial of the case was conducted so irregularly, and in such disregard of the issues and the rules of evidence, that it will not be surprising if it shall be found that the learned trial judge himself was led into error. The evidence offered and permitted to be introduced by the administrator roamed over the entire field of his receipts and disbursements during his entire administratorship, in utter disregard of his account filed, and to the extent of

attempting to prove disbursements not contained in the account, and even of attempting to prove that he had never received some of the money with which he had charged himself, and acknowledged he had received, in his account. Most of this evidence was of the most confused and indefinite character, and was not calculated to prove anything satisfactorily except that, because of old age, lapse of time, or a loose manner of doing business, the respondent had very little recollection of the facts, and that his account filed must have been made up with very little regard to the actual facts.

The court made no finding as to the correctness of the account filed, or as to the three items to which objections were interposed, but found that the respondent had only collected a part of the $1,200 with which he had charged himself in his account as received from the sale of land, and that he had neglected to collect the balance, but that he had paid out the whole of the part which he had collected for expense of administration and on claims allowed against the estate (it is very doubtful whether there is any evidence to support this); and as a conclusion of law held that

"The appellants, by failing for more than 15 years since they arrived at their majority to call the respondent to an accounting concerning the uncollected balance of $355 on his sale of said real estate, have been guilty of such laches as to bar a recovery," and for that reason the order of the probate court (approving and allowing the account as filed) should be affirmed.

While much immaterial and incompetent evidence was introduced, we discover nothing in the record tending to show that the issue of laches was voluntarily litigated by the parties. It was entirely outside of the issue in the case, which was the correctness of three specific items in the respondent's account, filed by himself. The question on trial before the court was, not whether the administrator should be required to render an account, but whether the one he had rendered was correct. Having made these general statements as to the history and status of the case, we come now to the consideration of the specfiic errors committed on the trial, for which, if no others, a new trial must be granted.

1. Upon the trial the respondent was permitted, over the objection and exception of the appellants, to introduce in evidence the

unsworn written statement of the former wife and widow of Peter Hanson to the effect that she had received from the respondent all the money and property which he ever had collected or received from the sale of the estate or otherwise; that the full share of her children in the estate of their father was paid by the respondent for their support to her and her second husband, with whom they resided until they attained their majority; and that respondent had fully paid over and accounted for all moneys and property that ever came into his hands as administrator. That the admission of this evidence was error is too clear to admit of discussion.

2. The respondent was also permitted, over appellants' objection and exception, to introduce evidence to impeach his own account by showing that he had never in fact received the whole of the $1,200 from the sale of real estate which he had acknowledged receiving, and had charged himself in the account filed. If any error had been inadvertently made in stating the account, we think the court might, on a proper showing, allow it to be amended, as it might allow an amendment to a pleading. But in the absence of any such amendment, and in view of the fact that the sole issue in the case, as agreed to by both parties before the trial, was as to three specific items in respondent's account of disbursements, the evidence was clearly inadmissible.

Order reversed, and a new trial granted.